UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| JEANNINE CAMPBELL WASHINGTON, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER** <br> 19-CV-00289 (MKB) |
| v. | |
| DENNIS WILLIAMS, JAMAL JONES, THE HONORABLE BEN DARVIL, JR., THE HONORABLE ELIZABETH BARNETT, RACOOMYAH WISE, KASHA PAGE, MARIO ORTIZ, and GLADYS CARRION, ESQ., | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Jeannine Campbell Washington, proceeding *pro se*, commenced the above-captioned action on January 10, 2019 against Defendants the Honorable Ben Darvil, Jr. and the Honorable Elizabeth Barnett (the "Judicial Defendants"), Dennis Williams, Jamal Jones, Racoomyah Wise, and Kasha Page (the "Private Individual Defendants"), and two individuals employed by the New York City Administration for Children Services ("ACS"), Mario Ortiz and Gladys Carrion, Esq. (the "ACS Defendants"), pursuant to 42 U.S.C. § 1983. (Compl. 10, Docket Entry No. 1.)[1] Plaintiff alleges that she was "sexually assaulted and extorted" and that Williams and Jones made "false reports of kidnapping" to prevent Plaintiff from seeing her child. (*Id.* at 7.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order. For the reasons set forth

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

I. **Background**

On January 8, 2019, Judge Darvil, of the Family Court of the State of New York, County of Kings, entered a final order awarding custody of Plaintiff's minor child to Williams, the child's father (the "January 2019 Custody Order"). (*Id.* at 14–15.) Judge Darvil also entered an order of protection in favor of Williams against Plaintiff. (*Id.* at 12–13.) Plaintiff alleges that Judge Darvil and Judge Barnett violated her rights during custody and neglect proceedings, (*id.* at 6, 10), that Williams, Jones, and Wise denied her access to her child and attacked her, (*id.* at 10), that Page made false statements that caused Plaintiff to be arrested, (*id.*), that Ortiz unlawfully removed her child, (*id.* at 11), and that Carrion, the former ACS Commissioner, filed a false neglect petition against her, (*id.*). Plaintiff seeks $250 million in damages. (*Id.* at 8.)

II. **Discussion**

a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. The Court lacks jurisdiction over Plaintiff's domestic relations claims

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 745 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law . . . is an area of law that federal courts and Congress leave almost exclusively to state law and state courts."). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 112–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Keane v. Keane,* 549 F. App'x 54, 55 (2d Cir. 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)); *Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] *In re Burrus*, 136 U.S. 586 (1890), it has been uniformly held that federal

3

courts do not adjudicate cases involving the custody of minors and, *a fortiori*, rights of visitation."); *Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack[ ] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children.'" (alterations in original) (quoting *Abidekun v. N.Y.C. Bd. of Educ.*, No. 94-CV-4308, 1995 WL 228395, at *1 (E.D.N.Y. Apr. 6, 1995))).

Although the Supreme Court has advised that the exception generally "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree," *Ankenbrandt*, 504 U.S. at 704, the Second Circuit has repeatedly held that "subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings," *Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015) (citing *Ankenbrandt*, 504 U.S. at 705), and that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages," *Schottel v. Kutyba*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (summary order) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). *See also Keane*, 549 F. App'x at 55 (affirming dismissal of a plaintiff's action for fraud against her ex-husband under domestic relations exception); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976))); *cf. Minot v. Eckardt-Minot*, 13 F.3d 590, 593–94 (2d Cir. 1994) (affirming district court decision to remand to state court after abstaining from case seeking to enforce New York custody orders); *Tait v. Powell*, 241 F. Supp.

3d 372, 378 (E.D.N.Y. 2017) (dismissing complaint for lack of subject matter jurisdiction as it sought "to bring to federal court a dispute that center[ed] on the custody of children").

Accordingly, to the extent that Plaintiff challenges the child custody results of the Family Court proceedings, this Court is without jurisdiction to review such matters.

    **c. Plaintiff fails to state a claim under section 1983 against the Private Individual Defendants**

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

"To act under color of state law or authority for purposes of section 1983, the defendant must 'have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Monsky v. Moraghan*, 127 F.3d 243, 245

5

(2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). "It is 'axiomatic that under color of law means pretense of law and that acts of officers in the ambit of their personal pursuits are plainly excluded.'" *Monsky*, 127 F.3d at 245 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547–48 (2d Cir. 1994)).

Plaintiff has not alleged that the Private Individual Defendants were acting under color of state law when they allegedly deprived Plaintiff of her constitutional rights. Accordingly, Plaintiff's section 1983 claims against the Private Individual Defendants are dismissed for failure to state a claim upon which relief may be granted. *See Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of a section 1983 claim because the defendant was a private entity, not a state actor).

### d. Plaintiff's section 1983 claim against the ACS Defendants is time-barred

The statute of limitations for section 1983 claims brought in a federal court in New York is three years from the date the underlying violation occurred. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015); *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)); *Harrison v. Lutheran Med. Ctr.*, 468 F. App'x 33, 36 (2d Cir. 2012). "While the applicable statute of limitations in a § 1983 case is determined by state law, 'the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.'" *Smith*, 782 F.3d at 100 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also Shomo*, 579 F.3d at 181 ("A

6

Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)).

Plaintiff alleges that the ACS Defendants unlawfully removed Plaintiff's minor child in March of 2015. (Compl. 7, 29.) The statute of limitations for claims arising out of the removal of her minor child therefore expired in March of 2018. Plaintiff commenced this action on January 10, 2019. (Compl.) Plaintiff's claims against the ACS Defendants are therefore time-barred.[2]

### e. Plaintiff's section 1983 claim against the Judicial Defendants is barred by absolute immunity

Judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven*, 579 F.3d at 209)). "[J]udicial immunity is not overcome by allegations of bad

---

[2] Nor has Plaintiff shown that she is entitled to equitable tolling of the statute of limitations. Plaintiff has not alleged that (1) she has been pursuing her rights diligently; or (2) that some extraordinary circumstances stood in her way and prevented timely filing. *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) ("[A] litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Baroor v. N.Y.C. Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) (Equitable tolling is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." (quoting *Zerilli-Edelglass v. N.Y.C. Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003))). Accordingly, Plaintiff has not provided any facts from which the Court could conclude that the statute of limitations should be tolled.

faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Basile v. Connolly*, 513 F. App'x 92, 94 (2d Cir. 2013) (quoting same); *Huminski v. Corsones*, 386 F.3d 116, 137–38 (2d Cir. 2004) (same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *see also Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009) (same).

Plaintiff has not alleged any facts to suggest that any challenged actions taken by the Judicial Defendants were not taken in their judicial capacity or that the Judicial Defendants lacked jurisdiction. Therefore, the Judicial Defendants are entitled to judicial immunity. Accordingly, the Court dismisses Plaintiff's claims against the Judicial Defendants.

### f. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. To the extent that Plaintiff seeks to pursue claims arising out the removal of her child, Plaintiff should name the individual ACS employee or employees who were personally involved in the purported unlawful removal. Plaintiff must also set forth what these employees did or failed to do in violation of Plaintiff's constitutional rights, and must provide the date and location of each alleged action. Plaintiff should also set forth whether ACS provided her with notice related to the removal of her minor child and whether she attended any state court proceedings concerning the removal of her child. Finally, Plaintiff must provide facts to show why her claims are not time-barred or provide reasons for her failure to file the Complaint within three years of the alleged removal.

Plaintiff must include any and all allegations that she wishes to pursue in her amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint and grants Plaintiff leave to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: April 26, 2019
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge